# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN J. ALEKSIEJCZYK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-CV-00166 JAR |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying John Joseph Aleksiejczyk's ("Aleksiejczyk") application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*.

### I. Background

Aleksiejczyk applied for supplemental security income benefits on October 24, 2013, alleging disability as of March 1, 2004, due to mood disorder, anxiety disorder, personality disorder, and poly substance abuse. After his application was denied at the initial administrative level, he requested a hearing before an administrative law judge ("ALJ"). Following a hearing on November 9, 2015, the ALJ issued a written decision on June 29, 2016, denying his application. Aleksiejczyk's request for review by the Appeals Council was denied. Thus, the decision of the ALJ stands as the final decision of the Commissioner. See Sims v. Apfel, 530 U.S. 103, 107 (2000).

## II. Facts

The Court's review of this record shows that the Statement of Facts is accurate and complete, however, the materiality and relevancy of numerous facts is disputed, as Aleksiejczyk was incarcerated at the time the indicated medical treatment was provided.[1] (Doc. No. 24-1). The Court otherwise adopts Aleksiejczyk's Statement of Facts, and specific facts will be discussed as part of the analysis. (Doc. No. 17 at 1-3).

## III. Standards

The court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2009). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." Id. (citations omitted). The court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

To determine whether the ALJ's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

---

[1] SSI applicants are ineligible for benefits for any month throughout which the applicant is a resident of a public institution, 20 C.F.R. §§ 416.201, 416.211.

2

(7) The testimony of consulting physicians.

Brand v. Sec'y of Dept. of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)).

First, the claimant must not be engaged in "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 416.920(a), 404.1520(a). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal

impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001)).

If the claimant has a severe impairment, the ALJ must determine at step three whether any of the claimant's impairments meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Disability claims based on mental disorders are evaluated in essentially the same manner as claims based on physical impairments. If the mental impairment is severe, the ALJ must determine whether it meets or equals any of the Listings. The Listings of mental impairments consist of three sets of "criteria"- the paragraph A criteria (a set of medical findings), paragraph B criteria (a set of impairment-related functional limitations), and paragraph C criteria (additional functional criteria applicable to certain Listings). The paragraph A criteria substantiate medically the presence of a particular mental disorder. The paragraphs B and C criteria describe the impairment-related functional limitations that are incompatible with the ability to perform SGA. There are four areas in which the ALJ rates the degree of functional limitation: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation (the "paragraph B criteria"). 20 C.F.R. § 404.1520a(c)(3). A claimant can satisfy the paragraph C criteria by showing: (1) extended episodes of decompensation; (2) a "residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate," or (3) a "[c]urrent history of 1 or more years' inability to function outside a highly supportive living arrangement." 20 C.F.R. Pt. 404,

Subpt. P, App. 1, § 12.00(C). The paragraph C criteria are assessed only if the paragraph B criteria are not satisfied. If the claimant satisfies the A and B, or A and C criteria, he will be considered disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A); see also 20 C.F.R. 404.1520a (detailing evaluation of mental impairments).

If the claimant's impairment does not meet or equal a Listing, the ALJ must determine the claimant's residual functional capacity ("RFC"). See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00; 20 C.F.R. § 404.1520a(c)(3). RFC is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of his impairments. SSR 96–8p. The relevant mental work activities include understanding, remembering, and carrying out instructions; responding appropriately to supervision and co-workers; and handling work pressures in a work setting. 20 C.F.R. § 404.1545(c).

At step four, the ALJ must determine whether, given his RFC, the claimant can return to his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011). If the claimant can still perform past relevant work, he will not be found to be disabled; if not, the ALJ proceeds to step five to determine whether the claimant is able to perform any other work in the national economy in light of his age, education and work experience. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove he is disabled. Brantley, 2013 WL 4007441, at *3 (citation omitted). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Id. "The ultimate burden of persuasion to prove disability,

however, remains with the claimant." Meyerpeter v. Astrue, 902 F. Supp.2d 1219, 1229 (E.D. Mo. 2012) (citations omitted).

## IV. Decision of the ALJ

The ALJ found Aleksiejczyk had the severe impairments of mood disorder, anxiety disorder, personality disorder, and polysubstance abuse, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29-30). In making this finding, the ALJ found Aleksiejczyk's impairments did not satisfy the criteria of either paragraph B or paragraph C. (Tr. 30). Specifically, Aleksiejczyk has only moderate restriction in activities of daily living, no more than moderate difficulties with social functioning and concentration, persistence, or pace, and no extended episodes of decompensation. (Tr. 30-31). The ALJ further noted that no treating, reviewing or examining medical source had opined that Aleksiejczyk's mental symptoms are so severe as to satisfy the paragraph C criteria. (Id.).

After considering the entire record, the ALJ determined that Aleksiejczyk had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: he can perform simple, routine tasks and make simple work-related decisions; he should not have interaction with the public; he may have only occasional interaction with coworkers; he should only occasionally engage in decision-making; and he should only have occasional changes in the work setting. (Tr. 32). The ALJ found Aleksiejczyk capable of performing work that exists in the national economy[2], which do not require the performance of work-related activities precluded by his RFC. (Tr. 38). Thus, the ALJ found Aleksiejczyk was not disabled as defined by the Act. (Id.)

---

[2] Aleksiejczyk has no past relevant work. (Tr. 37).

6

## V. Discussion

In his appeal of the Commissioner's decision, Aleksiejczyk argues that the ALJ improperly evaluated the medical opinion evidence. (Doc. No. 17 at 27-31). Specifically, Aleksiejczyk argues the ALJ improperly assigned "little weight" to the opinion of consulting physician Dr. James Critchlow. (Doc. No. 17 at 29). In determining whether the ALJ properly considered the medical opinion evidence, the court's role is limited to reviewing whether substantial evidence supports this determination, and not deciding whether the evidence supports the claimant's view of the evidence. See Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010); Brown v. Colvin, No. 4:13CV01693 SPM, 2014 WL 2894937, at *5 (E.D. Mo. June 26, 2014).

When evaluating the opinion of a non-examining or consultative source, the ALJ must evaluate the degree to which the opinion considers all of the pertinent evidence, including opinions of treating and other examining sources. Wildman v. Astrue, 596 F.3d 959, 967 (8th Cir. 2010); 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). The opinions of non-examining or consultative sources do not, by themselves, constitute substantial evidence on the record as a whole, Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010); Wildman, 596 F.3d at 967, but may properly be considered along with the other evidence of record. See Casey v. Astrue, 503 F.3d 687, 694 (8th Cir. 2007) ("The ALJ did not err in considering the opinion of [the State agency medical consultant] along with the medical evidence as a whole."). Upon review of the record, the Court finds the ALJ provided good reasons for the weight given to the opinion of Dr. Critchlow.

Dr. Critchlow conducted a physical consultative examination of Aleksiejczyk on December 21, 2015 and February 1, 2016. During the December 21, 2015 examination, Dr. Critchlow found Aleksiejczyk had difficulty understanding questions. (Tr. 734). His affect was

7

bland, his speech very slow, with slow movements, attributed as side effects from medications. (Id.) Despite noting that Aleksiejczyk was "not being treated by a psychiatrist" at the time of the examination, Dr. Critchlow opined that he was permanently disabled due to psychiatric problems and side effects from medication. (Id.) During the February 1, 2016 examination, Aleksiejczyk presented in a meek manner, speaking slowly, and lacking eye contact. (Tr. 802). Aleksiejczyk reported having anger issues, and expressed feelings of paranoia and volatility towards others. (Id.) Dr. Critchlow opined that Aleksiejczyk would find great difficulty in being hired or participating in the workplace. (Id.)

The ALJ gave "little weight" to Dr. Critchlow's opinion because it was inconsistent with the overall medical record and because his opinion appeared largely based on Aleksiejczyk's subjective allegations. (Tr. 36). See Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) ("The opinion of a consulting physician, who examines a claimant once, or not at all, generally receives very little weight."); see also Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (concluding the ALJ properly discounted a doctor's report, in part, because it "cited only limitations based on [the claimant's] subjective complaints, not his own objective findings"). First, the ALJ noted that Dr. Critchlow performed physical, not mental, examinations of Aleksiejczyk. Second, Dr. Critchlow provided only conclusory opinions on Aleksiejczyk's disability, as opposed to an actual diagnosis or specific functional opinion. Moreover, the finding of disability is reserved to the Commissioner and is never entitled to controlling weight or special significance. 20 C.F.R. § 416.927; SSR 96-5p.

The ALJ also found Dr. Critchlow's opinions inconsistent with the opinion of evaluating psychologist Dr. Paul Rexroat. Dr. Rexroat examined Aleksiejczyk on December 9, 2015. During this mental status examination, Dr. Rexroat diagnosed Aleksiejczyk with depression,

8

bipolar disorder, panic disorder, agoraphobia, cannabis use, and opioid and alcohol use in some degree of remission. (Tr. 726). Aleksiejczyk exhibited signs of slight anxiety, tension and moderately restricted range of emotional response with a flat affect. (Tr. 724). He also displayed a normal energy level, alertness and cooperation. (Id.) Dr. Rexroat concluded that Aleksiejczyk had mild restrictions in daily living activities and moderate limitations in social functioning, concentration and memory functioning. (Tr. 726). The ALJ gave "great weight" to Dr. Rexroat's opinion, finding it well reasoned and consistent with the medical evidence of record as well as with the totality of the credible evidence. (Tr. 36). Because Aleksiejczyk alleged disability involves a mental impairment, it was reasonable for the ALJ to give greater weight to Dr. Rexroat's opinion because he was the examining psychologist. Generally more weight is given to the opinion of a specialist on matters related to their area of specialty. See 20 C.F.R. § 404.1527(c)(5); Grable v. Colvin, 770 F.3d 1196, 1201 (8th Cir. 2014).

The ALJ also properly gave "great weight" to the opinions of the State Agency examiners (Tr. 90-98) that Aleksiejczyk is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairment. (Tr. 36-37). Toland v. Colvin, 761 F.3d 931, 937 (8th Cir. 2014) (State agency medical consultants are highly qualified experts in Social Security disability evaluation; therefore, ALJs must consider their findings as opinion evidence); Brandes v. Colvin, No. 4:15-CV-01737-NCC, 2017 WL 168457, at *8 (E.D. Mo. Jan. 17, 2017) (same). See also Kamann v. Colvin, 721 F.3d 945, 951 (8th Cir. 2013) (State agency psychologist's opinion supported the ALJ's finding that claimant could work despite his mental impairments); Casey v. Astrue, 503 F.3d 687, 694 (8th Cir. 2007) (finding the ALJ did not err in considering State agency psychologist's opinion along with the medical evidence as a whole).

9

It is the duty of the Commissioner to resolve conflicts in the medical opinion evidence, Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012), and, when assessing a claimant's RFC, an ALJ need not credit the entirety of a medical opinion or directly correlate a medical opinion to the RFC. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). Instead, the ALJ must determine a claimant's RFC based on her review of the record as a whole. Here, the ALJ evaluated all of the medical opinion evidence of record and adequately explained his reasons for the weight given this evidence. For the reasons set out above, substantial evidence on the record as whole supports the ALJ's evaluation of the medical opinion evidence.

**V.     Conclusion**

The Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and, therefore, the Commissioner's decision should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED** with prejudice. A separate Judgment will accompany this Order.

Dated this 18th day of March, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE